In support of that, your honor, of course, the standard is objective baselessness along with the intent. In our mind, when you review the intrinsic record of this case, both the written description of the 946 patent and the prosecution history, we believe that it would have been clear to any reasonable person that there would be no basis for bringing suit against PICTOMETRY on claim one. Claim one obviously requires the use of two images. The claim explicitly says that the object must be shown in multiple images and that the determination of the geographic location of the object is based upon its location in multiple images. Certainly, when GEOSPAN took Mr. Schultz's deposition and claimed that as a result of his testimony, PICTOMETRY had admitted that it used two images, and it makes the same argument to the court in its briefs in this case. GEOSPAN failed to provide the full and complete citation and recitation of Mr. Schultz's testimony. They provided an excerpted portion of his testimony, which created an impression, a misleading false impression, that PICTOMETRY had admitted that its typoing process determined the location of an object. And it was clear from the questioning that immediately preceded that that he was talking about a process in which the location of the object is visually determined by the operator who finds the object in the image, that is, the man who took it. So why don't we defer to the district court on exceptional cases? Well, obviously, it's a clearly erroneous standard, and if this court does not find that the court's findings were clearly erroneous, then it should be defined. We believe that it was clearly erroneous. When a party proposes, offers an excerpted passage from a deposition to support a position which the full context of that transcript were revealed was contrary to their position, I think that is a factor to consider, and I think the district court failed to consider that. You're saying you had no opportunity to correct that, whatever you call it, before the district court? I believe we did correct it, but it was in the context of forcing us to litigate on Claims 1, 3, 4, and 7. It was after those claims were in the case, and we sought summary judgment, and we prevailed on that issue. I believe the court eventually came around to seeing that tie-pointing was, in fact, a quality control process which has no function in terms of determining location of objects. It doesn't have anything to do with assigning geographic coordinates to an object in an image. It merely allows you to visualize the previously determined coordinates and determine whether they fall within the acceptable range of accuracy. So, eventually, we were able to convince the court that notwithstanding their claim as to what Mr. Schultz had testified to, that, in fact, that wasn't the case. But as I say, they continued to press that argument before this court. They provided in their brief the very same excerpted testimony from Mr. Schultz without providing the proper context of the previous questions and answers, and claimed in their briefs before this court that pictometry admitted that tie-pointing determines the location. Do I hear you telling us that because they stressed the evidence that favored their position, they acted inequitably, improperly, subject to sanctions, subject to penalty? No, Your Honor. I believe that's not exactly the case. What I'm saying is, if you take testimony out of context and argue that it constitutes an admission of liability, but you fail to provide the questions and answers that immediately preceded the part that you cite with mark, the part that immediately preceded it would reveal that the argument we're going to make is wrong. I think that is conduct which is beyond the pale and something which the court should consider in deciding whether or not to grant sanctions. And the reason I believe is clearly erroneous on the district court is that the district court failed to take that into account in their ruling. What about the fact, though, that in addition to the infringement issue on which you prevail in the district court, there were all these validity issues, and the district court ruled in favor of Geostan on the validity issues, and didn't make a ruling on the inequitable conduct issue that was the dismissal of that. So, I mean, when you factor those elements into the equation here, so to speak, doesn't that tip the scales in Geostan's favor? I mean, in terms of an exceptional case, they won below on all the validity issues, and they escaped an inequitable conduct finding. That is true. That is what the district court found. But, of course, again, not to relitigate the validity issue, but the court made that determination that there was no invalidity on the basis of her belief that all of the prior art shows stereophotogrammetry. Clearly, the EOP reference that we referred to shows what the court understands is stereophotogrammetry, but merely the label that it's given isn't indicative of the disclosure of what it shows, and the EOP reference clearly shows what the defendants claim to have been. In connection with the attorney fees appeal, to rule that there was inequitable conduct based on the GeoVan, right? I'm sorry, what? Correct me if I'm wrong, I thought in your brief, in your brief in this appeal, mainly the attorney fees appeal, you say that the reason the district court erred on inequitable conduct was that there was a failure to disclose the prior art GeoVan. That's correct. And, as we know from what we were discussing in the previous appeal, the district court didn't say anything about that. So, in other words, in order to agree with you on that point as a prong of your attorney fees appeal, we would have to rule in your favor on the inequitable conduct issue, right? Well, I don't think it would be limited. That would certainly be helpful, but that's not the extent of it. Yeah, but it's one of your prongs. I mean, at least in the brief, it seemed to me your two main arguments were on the attorney fees. Number one, the claim construction issue, what you're saying, they went back and forth. And number two, the inequitable conduct. But there's been no inequitable conduct finding, so that prong of your argument seems to me to drop out. I don't have a good argument against you on that one, Your Honor, but I do believe that's why I've stressed mostly the different claim constructions and the arguments and using Mr. Schultz's testimony in context in advancing their theories of liability. And that's all I have. Okay, thank you. We'll hear from Mr. Javier on this issue. Thank you, Your Honor. May I please report? Our position is simple. We think that we're entitled to an infringement judgment, which would, of course, move this appeal. But even leaving that aside, the district court didn't commit any clear error here, because this isn't a fees case. I want to start with 285 and the objectively baseless test, because I think the standard is exactly as high. It requires clear error in the finding that this is not an exceptional case, which itself requires proof by clear evidence and evidence. And what counsel omitted was any discussion about Claim 16 and the claim construction issue. We want to focus just on High Point and Claim 1. But Claim 16 renders the 285 challenge moot at this point, because they have to show under the Eilor case that our claim construction argument for 16 was objectively baseless by showing that it was precluded by the claim language. It isn't. The claim language is broad. There's an example in the specification. We have the statement in the prosecution history. And now we have the reexamination. And so, I think that's important in the context, especially of an attorney's fees appeal, when the question is whether we were reasonable. In this context, the fact that the Patent Office allowed a claim that embodies single rate rejection method and is dependent on 16 does nothing but support our construction of Claim 16. If we were objectively baseless or unreasonable in asserting that position, the Patent Office wouldn't have adopted it. You don't have to decide whether the Patent Office is right or wrong, but as far as probative evidence of reasonableness, it hits the scale. And as I mentioned earlier, I think it also ends the debate about inequitable conduct, because the Patent Office allowed Claim 19 over GeoBan and the references that they found relied on below. On the 1927 side, the problem that we pointed out in the briefs is that Maslam and Fulbright aren't here. Those are the only two parties that were charged with sanctions in 1927. And even if they were here, there's no basis for sanctioning them because, as the district court pointed out, Fulbright had every right to bring in Claims 1, 3, 4, and 7 based on the deposition testimony. The district court looked at that testimony just as you can and determined that it was reasonable for a litigant to expect success on that, and that was at 87. Well, if we were to affirm the ruling of a non-exceptional case, wouldn't that necessarily take care of the 1927 issue? I agree. I don't see how you could have a finding that the case was not exceptional, but at the same time award attorney fees or sanctions against the attorneys under 1927. I agree, Your Honor. I mean, the whole thing's going to turn on the exceptional case issue. Correct. That's right. The question under 1927, of course, is whether the attorneys vexatiously multiplied or unreasonably multiplied in litigation. And if you determine there wasn't an exceptional case, then I wouldn't think there would be any ground for awarding fees under 1927 either. But there's a couple of reasons why, just for the record. The main one is that the determining location argument that the commentary ultimately prevailed on, they didn't assert a markment. They had the opportunity to – they initially cited it as a disputed claim term and then withdrew it before a markment. So the fact it got to the summary judgment and the district court had to weigh in on determining the location isn't an unreasonable or vexatious multiplication of litigation. It's just litigation. They decided not to press that argument until later, which makes it a smack of hindsight. Your Honor, unless you have further questions, that's all I have. Are there any more questions? No questions. Thank you, Mr. Faber. Mr. Dickington, you have some rebuttal time. If there's something new you need to tell us in response to what we've heard. Well, with regard to 1927, of course, it deals with the conduct of the attorneys, not the parties. So I don't believe it necessarily follows as a matter of law that if the case was not exceptional that there cannot be an award of fees under 1927, at least as to that part of the case which involved vexatious litigation on the part of the attorneys. Now, I do believe that when an attorney provides, again, reiterate the same argument I made before, when an attorney provides an argument based upon a testimony given in a deposition and argues that that testimony stands for a particular proposition but fails to provide the full and complete context of the remaining questions that preceded it, which would render the argument false, that that in and of itself is vexatious conduct. Counsel aren't permitted simply to pick and choose passages from a deposition that suit their particular position, their arguments they wish to make, without devising a court of other portions of the record, especially when it contradicts it. And it's just inescapable if you read the complete page and a half of Mr. Schultz's testimony, and we're not talking about testimony given at one part of the deposition versus another, we're talking about a series of questions asking about tie-pointing, which then lead into a series of other questions in which the attorneys use claim language in reforming their questions, and cite only that testimony to support the position that Mr. Schultz has made in admission, when previously, immediately preceding questions and answers would indicate that that's not true, is sanctionable conduct. And so forcing pictometry to defend on the basis of an argument to the district court that that was the case, as the district court apparently failed to appreciate that, but again, they've made that same argument before this court in their briefs in this case. And we have pointed out that the proposition for which they cite that testimony is quite clearly false. So we believe that under 1927, the attorneys are susceptible to sanctions. That's all we have. Any more questions? Have you any more questions? Thank you. Thank you both. The case is taken. Both cases are taken into submission.